

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAY - 9 2014

CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **FRED BIELER,** | § | |
| **Guardian for Gasper Urso,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-1609-M (BF)** |
| | § | |
| **HP DEBT EXCHANGE, LLC, et al.,** | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS & RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants HP Debt Exchange, LLC, HP Locate, LLC, and Chris Ganter's (collectively, "Defendants") Motion to Vacate Default Judgments [D.E. 37] ("Motion to Vacate"), filed November 6, 2013; and Defendants' Supplemental Motion to Vacate Default Judgments [D.E. 50-1] ("Supplemental Motion to Vacate"), filed February 7, 2014. These matters have been referred to the United States Magistrate Judge for recommendation or determination. *See* Order of Referral [D.E. 40]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Vacate [D.E. 37] and Supplemental Motion to Vacate [D.E. 50-1] be DENIED.

### BACKGROUND

Plaintiff filed the instant action alleging breach of contract and seeking to collect upon an unpaid note and guaranty. *See* Compl. [D.E. 1 at 1]. Plaintiff filed the suit as the legal guardian for Gasper Urso, a resident of the state of Nevada. *See id.* [D.E. 1 at 1]. The affidavits of service of summons for Defendants were entered on the docket on May 14, 2013 wherein Certified Process Server Michael Brady attested that Defendants were served on May 7, 2013. *See* Affs. [D.E. 4, 5 & 6]. On June 14, 2013, Plaintiff filed his request for the Clerk to enter a default against Defendants which was entered by the Clerk that same day. *See* Request for Entry of Default & Mot. for Default

J. [D.E. 7]; Clerk's Entry of Default [D.E. 8]. On June 28, 2013, the Court issued its Memorandum

Opinion and Order entering default judgment for Plaintiff in the amount of $250,000.00 and

awarding Plaintiff attorneys' fees in the amount of $8,693.00. *See* Mem. Op. & Order [D.E. 9]. On

September 30, 2013, Plaintiff filed his Motion to Compel Appearance of Judgment Debtor HP

Locate, LLC for Post-Judgment Asset Examination and Deposition in Aid of Judgment with Duces

Tecum, and for Sanctions [D.E. 26] ("Motion to Compel"). In the Motion to Compel, Plaintiff

alleged that on September 19, 2013, Defendant HP Locate, LLC failed to appear for a scheduled

post-judgment deposition and asset examination and failed to produce certain documents described

in a Subpoena Duces Tecum. *See* Mot. to Compel [D.E. 26 at 2]. On October 29, 2013, the Court

entered an Agreed Order and Stipulations that Provide for Appearance by Judgment Defendants

Chris Ganter, HP Debt Exchange, LLC, and HP Locate, LLC for Post-Judgment Asset Examination

and Deposition in Aid of Judgment with Duces Tecum and Award of Sanctions and Costs ("Agreed

Order") [D.E. 35]. In the Agreed Order, Defendants conceded that they were served with a copy of

the August 13, 2013 Notice of Intention to Schedule Post-Judgment Asset Examination Under Oath

in Aid of Judgment but that they failed to appear. *See* Agreed Order [D.E. 35 at 2]. Further,

Defendants agreed to pay Plaintiff $1,800.00 for reasonable attorneys' fees and $2,029.80 for the

court reporter who appeared at the three scheduled post-judgment depositions and issued certificates

of non-appearance. *See id.* [D.E. 35 at 3-4].

On November 6, 2013, Defendants filed their Motion to Vacate on the grounds that: (1)

Defendants were not served; (2) the underlying note charges a usurious interest rate and is thus

voidable; and (3) Plaintiff failed to establish standing to file suit on behalf of Gasper Urso. *See* Mot.

to Vacate [D.E. 37 at 1-2]. On February 7, 2014, Defendants filed their Supplemental Motion to

2

Vacate pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *See* Supplemental Mot. to Vacate [D.E. 50-1 at 2]. In the Supplemental Motion to Vacate, Defendants argue that the Court should vacate the final default judgment entered in this case because newly discovered evidence calls into question Plaintiff's ability to bring this suit and because Plaintiff engaged in fraud. *See id.* [D.E. 50-1 at 3]. Defendants contend that Plaintiff did not have the authority to file a lawsuit on behalf of Gasper Urso because the order giving Plaintiff guardianship over Urso gives him very limited power, which does not include the authority to file or maintain a lawsuit on his behalf. *See id.* [D.E. 50-1 at 3]. Defendants contend that because it is undisputed that Urso was a resident of the state of Nevada and Nevada law controls, Plaintiff was required to get court approval prior to filing a lawsuit on Urso's behalf. *See id.* [D.E. 50-1 at 3]. In addition, Defendants contend that it is clear under Nevada law that a guardianship terminates by operation of law upon the death of the ward and Gasper Urso died on May 9, 2013, two weeks after the filing of the lawsuit. *See id.* [D.E. 50-1 at 3-4]. Defendants argue that because no action has been taken in the Nevada courts concerning Plaintiff's guardianship of Urso since 2010, it is "inarguable that Plaintiff has brought this lawsuit fraudulently, or at least misrepresented his status to this Court." *See id.* [D.E. 50-1 at 4]. Defendants further argued at the February 13, 2014 hearing that they have not waived these arguments because they pertain to Plaintiff's standing to bring the suit and such arguments can be brought at any time.

Plaintiff contends in his supplemental response that he mistakenly believed he had the authority to bring the lawsuit solely by virtue of his capacity as Gasper Urso's Guardian, but now recognizes that he should have advised counsel that he was also the Successor Trustee and that his authority to bring this action derives from both the Trust and Nevada Revised Statute ("NRS") 163.375. *See* Supplemental Resp. [D.E. 52 at 8]. Further, Plaintiff contends that the

Guardianship/Trust Order was in full force and effect when Plaintiff commenced this lawsuit and that even after Gasper Urso's death, the guardianship did not terminate entirely under Nevada law as Plaintiff remained responsible for winding up the affairs of the guardianship under NRS 159.191 and 159.193. *See id.* [D.E. 52 at 4-5].

### STANDARD OF REVIEW

#### 1. Standing

"To establish standing, a plaintiff must meet both constitutional and prudential requirements." *Wilbert Family Ltd. v. Dallas Area Rapid Transit*, No. 3:10-CV-2052-D, 2012 WL 246091, at *3 (N.D. Tex. Jan. 26, 2012) (citing *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)). The constitutional standing component requires the plaintiff to show (1) an injury in fact that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). "Prudential standing requirements exist in addition to the 'immutable requirements of Article III,' . . . as an integral part of 'judicial self-government.'" *Procter & Gamble Co.*, 242 F.3d at 560 (citing *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). In determining whether prudential standing exists, a court considers the following: (1) whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit; (2) whether the

4

complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch; and (3) whether the plaintiff is asserting his own legal rights and interests rather than the legal rights and interests of third parties. *Encompass Office Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-2487-L, 2013 WL 1194392, at *5 (N.D. Tex. Mar. 25, 2013) (citing *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009)). "Unlike constitutional standing[,] prudential standing arguments may be waived." *Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417 (5th Cir. 2012) (citing *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999)).

## 2. Rule 60(b)

Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). "To obtain Rule 60(b)(2) relief, a movant must demonstrate: '(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Thermacor Process, LP v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. . . . The moving party has the burden of proving the misconduct by clear and convincing

evidence." *Hesling*, 396 F.3d at 641 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)). "A decision with respect to a motion to vacate a final judgment pursuant to Rule 60(b) is left to the 'sound discretion of the district court and will only be reversed if there is an abuse of that discretion.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

## ANALYSIS

Defendants raised their prudential standing argument over four months after default judgment was entered. Further, while Defendants now claim they were never served with the instant lawsuit, in the October 29, 2013 Agreed Order, Defendants acknowledged failing to appear after receiving Plaintiff's August 13, 2013 notice of post-judgment asset examination under oath and Defendants also agreed to pay attorneys' fees and court reporter costs incurred by Plaintiff for their knowing failure to appear. *See* Agreed Order [D.E. 35 at 2]. Therefore, even if Defendants were not served on May 14, 2013 as attested to by Certified Process Server Michael Brady, Defendants acknowledged that they became aware of the suit at least by August 13, 2013. However, Defendants delayed almost three months from receipt of the deposition notice to file their Motion to Vacate and then filed their Supplemental Motion to Vacate raising new arguments approximately six months after receipt of that notice.

In *Ensley*, the Fifth Circuit determined that the defendant waived its prudential standing argument because the argument was not raised until after the case-in-chief. *See Ensley*, 171 F.3d at 320. In *Eastman Chemical Company v. Plastipure, Inc.*, the district court concluded that the defendants waived their prudential standing argument because they did not raise it prior to their post-

6

verdict Rule 50(b) motion. *See Eastman Chem. Co. v. Plastipure, Inc.*, No. A-12-CA-57-SS, 2013

WL 4677702, at *6 (W.D. Tex. Aug. 30, 2013) (citing *EPA*, 674 F.3d at 417; *Ensley*, 171 F.3d at

320). Similarly, Defendants here have waived their prudential standing argument because they filed

their Motion to Vacate raising their prudential standing argument approximately five months after

the Clerk's entry of default on June 14, 2013. Even if the Court were to assume that Defendants were

unaware of the entry of default because they were never served on May 14, 2013, Defendants

conceded that they were aware by August 13, 2013 when they received the post-judgment deposition

notice. However, Defendants waited almost three months prior to filing their Motion to Vacate.

In addition, on February 7, 2014, Defendants filed their Supplemental Motion to Vacate

raising for the first time their Rule 60(b) arguments, when such arguments could have been raised

at an earlier time. The evidence Defendants point to as "newly discovered evidence" is not evidence

that "with reasonable diligence, could not have been discovered" at a prior time. *See* Fed. R. Civ.

P. 60(b)(2). Defendants contend that they did not discover the death of Gasper Urso until January

21, 2014. *See* Supplemental Mot. to Vacate [D.E. 50-1 at 3]. Further, Defendants contend that during

a conversation with the Nevada clerk of court on February 5, 2014, they discovered that no action

has been taken in Gasper Urso's guardianship case since 2010, but that the matter is listed as open.

*See id.* [D.E. 50-1 at 3, 15]. However, Defendants do not explain why they could not, with due

diligence, have contacted the Nevada clerk of court in August of 2013 when they allegedly first

learned of the default judgment against them and have discovered this information at that time.

Similarly, the research regarding Nevada law Defendants cite in making their Rule 60(b) arguments

is not "newly discovered evidence." *See id.* [D.E. 50-1 at 3]. Defendants, with due diligence, could

have conducted such research at an earlier time rather than bringing it to the Court's attention for the

first time in their February 7, 2014 Supplemental Motion to Vacate, filed over seven months after the entry of default judgement. Therefore, Defendants failed to demonstrate the "due diligence" requirement of Rule 60(b)(2). Further, because Plaintiff has authority to bring the instant suit as the Successor Trustee, Defendants also failed to demonstrate that the outcome would have been different had the information been presented before the original judgment. *See Thermacor*, 567 F.3d at 744. In addition, Defendants failed to demonstrate with clear and convincing evidence that Plaintiff engaged in fraud by failing to inform the Court and Defendants regarding Gasper Urso's death, particularly in light of the fact that Plaintiff has authority otherwise to bring and maintain the instant action as a successor trustee even if he was not entitled to do so as his guardian. *See Hesling*, 396 F.3d at 641.

## RECOMMENDATION

In sum, the arguments raised by Defendants in their Motion to Vacate [D.E. 37] and Supplemental Motion to Vacate [D.E. 50-1] are untimely and/or without merit. Therefore, the undersigned respectfully recommends that the Court DENY Defendants' Motion to Vacate [D.E. 37] and Supplemental Motion to Vacate [D.E. 50-1].

**SO RECOMMENDED**, May 9, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

8

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

9